**NOT FOR PUBLICATION**

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| RAYMOND WILSON, | Civil Action No. 12-1543 (PGS) |
| Plaintiff, | |
| v. | **OPINION** |
| CORRECT CARE SOLUTION, et al., | |
| Defendants. | |

**APPEARANCES**:

> RAYMOND WILSON
> Monmouth County Correctional Institution
> 1 Waterworks Road
> Freehold, NJ  07728
> Plaintiff Pro Se

**SHERIDAN, District Judge**:

Raymond Wilson, who is incarcerated at Monmouth County Correctional Institution, seeks to file a Complaint without prepayment of the filing fee.   This Court will grant his application to proceed *in forma pauperis*.[1]   For the reasons expressed in this Opinion and, as required by 28 U.S.C. 1915(e)(2)(B), this Court will dismiss the federal claims raised in the Complaint without prejudice to the filing of an amended complaint asserting a claim under 42 U.S.C. § 1983 and decline supplemental jurisdiction over claims arising under state law.

---

[1] This Court administratively terminated the action because Wilson did not prepay the filing fee or submit an application for permission to proceed *in forma pauperis*.   Wilson thereafter submitted a complete *in forma pauperis* application.   Accordingly, this Court will reopen the case.

# I.  BACKGROUND

Wilson brings this Complaint against Correctional Care Solution and Monmouth County

Jail.  He asserts the following allegations.

> Dec. 9.  I requested to see a Dr.  After a time a nurse show[ed] up with a wheel chair.  I told him I had blood in my pants.  He told me it was nothing but hem[orrho]ids.  His 20 years experience an[d] he know[s].  About 3 hours later I needed ten blood transfusion[s] and two major operation[s].  Nurses aren[']t qualified by law.  It[']s the D[octor's] job.

(Compl., ECF No. 1 at 7.)

# II.  STANDARD OF REVIEW

Per the Prison Litigation Reform Act, Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66

to 1321-77 (April 26, 1996) ("PLRA"), district courts must review complaints in those civil

actions in which a prisoner is proceeding *in forma pauperis*, *see* 28 U.S.C. § 1915(e)(2)(B),   seeks

redress against a governmental employee or entity, *see* 28 U.S.C. § 1915A(b), or brings a claim

with respect to prison conditions, *see* 28 U.S.C. § 1997e.  The PLRA directs district courts to *sua*

*sponte* dismiss any claim that is frivolous, is malicious, fails to state a claim upon which relief may

be granted, or seeks monetary relief from a defendant who is immune from such relief.  This

action is subject to *sua sponte* screening for dismissal under 28 U.S.C. § 1915(e)(2)(B) because

Plaintiff is proceeding *in forma pauperis.*

"[A] pleading that offers 'labels or conclusions' or 'a formulaic recitation of the elements

of a cause of action will not do.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell*

*Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  To survive *sua sponte* screening for

failure to state a claim[2], the complaint must allege "sufficient factual matter" to show that the claim is facially plausible. *Fowler v. UPMS Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Belmont v. MB Inv. Partners, Inc.*, 708 F.3d 470, 483 n.17 (3d Cir. 2012) (quoting *Iqbal*, 556 U.S. at 678). Moreover, while *pro se* pleadings are liberally construed, "*pro se* litigants still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

## III.  DISCUSSION

Federal courts are courts of limited jurisdiction. *See Mansfield, C. & L. M. Ry. Co. v. Swan*, 111 U.S. 379, 383 (1884). "[T]hey have only the power that is authorized by Article III of the Constitution and the statutes enacted by Congress pursuant thereto." *Bender v. Williamsport Area School Dist.*, 475 U.S. 534, 541 (1986).

A.    Federal Claims

Section 1983 of Title 28 of the United States Code provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory . . . subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

---

[2]      "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 Fed. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)).

To recover under 42 U.S.C. § 1983, a plaintiff must show two elements:   (1) a person deprived him or caused him to be deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was done under color of state law.   *See West v. Atkins*, 487 U.S. 42, 48 (1988).   As an initial matter, this Court notes that Wilson sues Monmouth County Jail or Correctional Institution as defendant, but a county jail is not a "person" subject to suit under 42 U.S.C. § 1983 pursuant to *Monell v. Dept. of Social Services of City of New York*, 436 U.S. 658, 688-90 (1978).   *See Russell v. City Of Philadelphia*, 2011 WL 1420285 *1 (3d Cir. 2011); *Powell v. Cook County Jail*, 814 F. Supp. 757, 758 (N.D. Ill. 1993); *McCoy v. Chesapeake Correctional Center*, 788 F. Supp. 890, 893-894 (E.D. Va. 1992).   Because a jail is not a person subject to suit for violation of constitutional rights, this Court will dismiss all federal claims against the jail.

Wilson also claims that Correct Care Solution is liable under § 1983 for violation of his constitutional rights.   This Court presumes that Correct Care Solution was the contract medical care provider at the jail and employed the nurse who told Wilson that his rectal bleeding was hemorrhoids.   An entity like Correct Care Solution cannot be found liable under § 1983 simply because it employed a nurse who allegedly violated an inmate's constitutional rights.   *See Monell.*, 436 U.S. at 691-92; *Natale v. Camden County Correctional Facility*, 318 F.3d 575, 583 (3d Cir. 2003).   For Correct Care Solution to be found liable under § 1983, Wilson must assert in the Complaint facts showing that Correct Care Solution had a relevant policy or custom and this policy or custom caused the alleged constitutional violation.   *Natale*, 318 F.3d at 583-84; *accord Jiminez v. All American Rathskeller, Inc.*, 503 F. 3d 247, 249 (3d Cir. 2007) (plaintiff must show a "direct causal link between a . . . policy or custom and the alleged constitutional deprivation.") (quoting *City of Canton v. Harris*, 489 U.S. 378, 385 (1989)).   On this point, the Complaint is

4

devoid of any allegations suggesting that the alleged initial misdiagnosis by the male nurse and the alleged failure to have a doctor, rather than a nurse, be the first responder, were the result of a custom or policy of Correct Care Solution.   Because the Complaint fails to specify a custom or policy of Correct Care Solution that caused the violation of his constitutional rights, it fails to state a claim under § 1983 against the entity.

A district court generally grants leave to correct deficiencies in a complaint by amendment.   *See DelRio-Mocci v. Connolly Properties Inc.*, 672 F.3d 241, 251 (3d Cir. 2012); *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000).   Because it conceivable that Wilson may be able to assert facts showing that Correct Care Solution, the male nurse, or another medical staff person violated his constitutional rights on December 9, this Court will grant Wilson 45 days to file an amended complaint that (1) is complete on its face and (2) asserts facts showing that the named defendant(s) violated or caused the violation of his constitutional rights.[3]

---

[3] Wilson should be aware that to assert a § 1983 claim against an individual defendant, he must allege facts showing that the individual participated in the alleged wrongdoing. *See Iqbal*, 556 U.S. at 676 ("Because vicarious liability is inapplicable to Bivens and § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution"); *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1988) ("A defendant in a civil rights action must have personal involvement in the alleged wrongs"). Moreover, Wilson must assert facts showing that each named defendant violated or caused violation of his constitutional rights.   If Wilson was incarcerated on the day of the incident as a convicted and sentenced prisoner, then he would have to allege facts showing that each defendant inflicted cruel and unusual punishment in violation of the Eighth Amendment, which obligates officials to provide medical care to sentenced inmates. *See Estelle v. Gamble*, 429 U.S. 97, 103 (1976); *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999).   To state a claim under the Eighth Amendment, an inmate must satisfy an objective element and a subjective element.   *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).   Specifically, inmates must "demonstrate (1) that the defendants were deliberately indifferent to their medical needs and (2) that those needs were serious." *Rouse*, 182 F.3d at 197.   To establish deliberate indifference, a prisoner must show that the defendant was subjectively aware of the unmet serious medical need and failed to reasonably respond to that need. *Farmer*, 511 U.S. at 837; *Natale*, 318 F.3d at 582.   On the other hand, if Wilson was a pretrial detainee, then he would have to assert facts showing that the named defendants inflicted punishment in violation of due process. *See Bell v. Wolfish*, 441 U.S. 520,

B.     Supplemental Jurisdiction

"Supplemental jurisdiction allows federal courts to hear and decide state-law claims along with federal-law claims when they are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."   *Wisconsin Dept. of Corrections v. Schacht*, 524 U.S. 381, 387 (1998) (citation and internal quotation marks omitted).   Where a district court has original jurisdiction pursuant to 28 U.S.C. § 1331 over federal claims and supplemental jurisdiction over state claims pursuant to 28 U.S.C. § 1367(a), the district court has discretion to decline to exercise supplemental jurisdiction if it has dismissed all claims over which it has original jurisdiction.   *See* 28 U.S.C. § 1367(c)(3); *Growth Horizons, Inc. v. Delaware County, Pennsylvania*, 983 F.2d 1277, 1284-1285 (3d Cir. 1993).   In this case, the Court is dismissing every claim over which it had original subject matter jurisdiction at an early stage in the litigation and declines to exercise supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367(c)(3).

### III.   CONCLUSION

This Court grants Wilson's application to proceed *in forma pauperis*, dismisses the federal claims, and declines to exercise supplemental jurisdiction.

_____

**PETER G. SHERIDAN, U.S.D.J.**

DATED: _August 14___, 2013

---

538 (1979).   That inquiry involves application of the Eighth Amendment deliberate indifference standard, insofar as "the Fourteenth Amendment affords pretrial detainees protections 'at least as great as the Eighth Amendment protections available to a convicted prisoner.'"   *Natale v. Camden County Corr. Facility*, 318 F.3d 575, 581 (3d Cir. 2003) (quoting *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 244 (1983)).