RECEIVED

APR 17 2014

**\*NOT FOR PUBLICATION\***

AT 8:30_____M
WILLIAM T. WALSH CLERK

### UNITED STATES DISTRICT COURT
### DISTRICT OF NEW JERSEY

RAYMOND WILSON,                  :
                                 :   Civil Action No. 12-1543 (PGS)
    Plaintiff,                   :
                                 :
v.                               :   **MEMORANDUM OPINION**
                                 :
CORRECT CARE SOLUTION, et al.,   :
                                 :
    Defendants.                  :

    THE COURT having issued an Opinion and Order on August 14, 2013 dismissing Plaintiff's complaint for failure to state a claim upon which relief may be granted but allowing Plaintiff to file an amended complaint (ECF Nos. 5-6); and Plaintiff having filed said amended complaint (ECF No. 7); and

    IT APPEARING that the Prison Litigation Reform Act, Pub.L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity; and it further appearing that the Supreme Court held that to prevent a summary dismissal, a civil complaint must allege "sufficient factual matter" to show that the claim is facially plausible [which] then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)(citing *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)); and it further appearing that "[a] complaint must do more than allege the plaintiff's entitlement to relief.  A complaint has to 'show' such an entitlement with its facts," *Fowler*, 578 F.3d at 211 (citing *Phillips v. County of Allegheny*, 515 F.3d 224, 234-35 (3d Cir. 2008)); and

THE COURT finding that in his amended complaint, Plaintiff names Correct Care Solution ("CCS") and Cosmo DeFazio as defendants; against CCS, Plaintiff alleges that "there [sic] policy or customary practice dictates that nurses are the initial first responders and diagnosers [sic] in emergencies. This leads to a misdiagnosis," (Am. Compl. ¶ 4(b)); against Cosmo DeFazio, Plaintiff alleges that "on or about 12-9, [Plaintiff] requested to see a doctor because [he] had blood in [his] pants. Nurse DeFazio said '[i]t was nothing but hemorroids [sic]. I have 20 years experience I know!' About 3 hours later [Plaintiff] needed 12 blood transfusions and two major operations. [Plaintiff] almost died because DeFazio told the C.O. Garofola [Plaintiff's] problem wasn't serious and left, (Am. Compl. ¶ 6);" and

THE COURT further finding that for the reasons stated in this Court's August 14th Opinion and Order, Plaintiff's claim against Defendant CCS will again be DISMISSED WITHOUT PREJUDICE; Plaintiff has failed to allege facts to suggest that the misdiagnosis by Nurse DeFazio and the failure to have a doctor, rather than a nurse, were the result of a custom or policy of CCS; and

THE COURT further finding that in order to state a Fourteenth Amendment claim of inadequate medical attention upon which relief may be granted, a plaintiff must allege that a defendant acted with deliberate indifference to his serious medical needs, *Lenhart v. Pa.*, 528 F. App'x 111, 115 (3d Cir. 2013) (citing *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 243–44, 103 S.Ct. 2979, 77 L.Ed.2d 605 (1983); *see also Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 581 (3d Cir. 2003) (noting that a pretrial detainee's claim of inadequate medical care is evaluated under the same standard as a convicted prisoner's Eighth Amendment claim of

{

inadequate medical care); *Everett v. Nort*, 2013 WL 6108053, at * 2 (3d Cir. Nov. 21, 2013) (using

the *Estelle* "deliberate indifference" test to evaluate a pretrial detainee's medical claim); and

THE COURT further finding that the *Estelle* test requires an inmate to show that prison

officials acted with deliberate indifference to his serious medical need, *see Natale*, 318 F.3d at 582

(finding deliberate indifference requires proof that the official knew of and disregarded an

excessive risk to inmate health or safety); and an inmate's disagreement with medical professionals

"as to the proper medical treatment" does not support an Eighth Amendment violation, *Monmouth*

*Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987); and even if judgment

concerning the proper course of a prisoner's treatment ultimately is shown to be mistaken, at most

what would be proven is medical malpractice and not an Eighth Amendment violation, *Estelle*,

429 U.S. at 105-06; *White*, 897 F.3d at 110; and

THE COURT further finding that as alleged in the Amended Complaint, Plaintiff received

medical attention from Nurse DeFazio, wherein he concluded that Plaintiff's condition was caused

by hemorrhoids; even if Nurse DeFazio's diagnosis turned out to be incorrect, as it appears was the

case based on Plaintiff's allegations, Plaintiff would have only proven malpractice at best, not a

constitutional violation; and Plaintiff fails to allege any facts to indicate that Nurse DeFazio was

deliberately indifferent to his serious medical need; as such, the claim against Defendant DeFazio

is DISMISSED WITHOUT PREJUDICE; however, because it is conceivable that Plaintiff may be

able to supplement his pleading with facts sufficient to overcome the deficiencies noted herein, the

Court will grant Plaintiff leave to move to re-open this case and to file a second amended

complaint;[1] and the Court having considered the matter without oral argument pursuant to Rule

---

[1] Plaintiff should note that when an amended complaint is filed, the original complaint no longer
performs any function in the case and "cannot be utilized to cure defects in the amended
[complaint], unless the relevant portion is specifically incorporated in the new [complaint]."  6

3

{

78(b) and Local Civil Rule 7.1(i); and for good cause appearing, the Court will issue an appropriate order.

Dated:

Peter G. Sheridan, U.S.D.J.

---

Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed.1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.*

4