*NOT FOR PUBLICATION*

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAYMOND WILSON, | : |
| Plaintiff, | : Civil Action No. 12-1543 (PGS) |
| v. | : MEMORANDUM OPINION |
| CORRECT CARE SOLUTION, et al., | : |
| Defendants. | : |

THE COURT having issued an Opinion and Order on April 17, 2014 dismissing Plaintiff's Amended Complaint for failure to state a claim upon which relief may be granted but allowing Plaintiff to file a second amended complaint (ECF Nos. 8-9); and Plaintiff having filed said Second Amended Complaint ("SAC") (ECF No. 15); and

IT APPEARING that the Prison Litigation Reform Act, Pub.L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding *in forma pauperis* or seeks redress against a governmental employee or entity; and it further appearing that the Supreme Court held that to prevent a summary dismissal, a civil complaint must allege "sufficient factual matter" to show that the claim is facially plausible [which] then "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009)(citing *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009)); and it further appearing that "[a] complaint must do more than allege the plaintiff's entitlement to relief.  A complaint has to 'show' such an entitlement with its facts," *Fowler*, 578 F.3d at 211 (citing *Phillips v. County of Allegheny*, 515 F.3d 224, 234-35 (3d Cir. 2008)); and

2

THE COURT FINDING that in his SAC, Plaintiff names Monmouth County Correctional Facility Medical Department and Cosmo DeFazio as defendants; against Monmouth County Correctional Facility Medical Department, Plaintiff does not allege any claims; against Cosmo DeFazio, Plaintiff alleges that "on August 10, 2011… Plaintiff was misdiagnosis [sic] by Nurse Cosmo DeFazio. Plaintiff requested to see the doctor, because he had blood in his pants. Nurse DeFazio told Plaintiff that it was nothing more, but hemorrhoids, and Nurse Cosmo told Plaintiff that he has 20 years experience and he knows! Approximately, three hours later Plaintiff needed 12 blood transfusions and two major operations; in fact Plaintiff almost died, due to Nurse DeFazio told C.O. Garofola that Plaintiffs problem was not serious and left" (SAC ¶¶ 7-10); and

THE COURT FURTHER FINDING that even if Plaintiff had alleged facts against Monmouth County Correctional Facility Medical Department, as stated in the Court's August 21, 2013 Opinion and Order, a jail is not a person under § 1983, *see, e.g.*, *Parrish v. Aramark Foods, Inc.*, No. 11–5556, 2012 WL 1118672, at *3 (D.N.J. Apr. 2, 2012) (collecting cases); the claims against the Monmouth County Correctional Facility are DISMISSED WITH PREJUDICE,; and

THE COURT FURTHER FINDING that in order to state a Fourteenth Amendment claim of inadequate medical attention upon which relief may be granted, a plaintiff must allege that a defendant acted with deliberate indifference to his serious medical needs, *Lenhart v. Pennsylvania.*, 528 F. App'x 111, 115 (3d Cir. 2013) (citing *City of Revere v. Mass. Gen. Hosp.*, 463 U.S. 239, 243–44, 103 S.Ct. 2979, 77 L.Ed.2d 605 (1983); *see also Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 581 (3d Cir. 2003) (noting that a pretrial detainee's claim of inadequate medical care is evaluated under the same standard as a convicted prisoner's Eighth Amendment claim of inadequate medical care); *Everett v. Nort*, 2013 WL 6108053, at * 2 (3d Cir.

Nov. 21, 2013) (using the *Estelle* "deliberate indifference" test to evaluate a pretrial detainee's medical claim); and

THE COURT FURTHER FINDING that the *Estelle* test requires an inmate to show that prison officials acted with deliberate indifference to his serious medical need, *see Natale*, 318 F.3d at 582 (finding deliberate indifference requires proof that the official knew of and disregarded an excessive risk to inmate health or safety); and an inmate's disagreement with medical professionals "as to the proper medical treatment" does not support an Eighth Amendment violation, *Monmouth Cnty. Corr. Inst. Inmates v. Lanzaro*, 834 F.2d 326, 346 (3d Cir. 1987); and even if judgment concerning the proper course of a prisoner's treatment ultimately is shown to be mistaken, at most what would be proven is medical malpractice and not an Eighth Amendment violation, *Estelle*, 429 U.S. at 105-06; *White*, 897 F.3d at 110; and

THE COURT FURTHER FINDING that as alleged in the SAC, Plaintiff received medical attention from Nurse DeFazio, wherein he concluded that Plaintiff's condition was caused by hemorrhoids; even if Nurse DeFazio's diagnosis turned out to be incorrect, as it appears was the case based on Plaintiff's allegations, Plaintiff would have only proven malpractice at best, not a constitutional violation[1]; and Plaintiff fails to allege any facts to indicate that Nurse DeFazio was deliberately indifferent to his serious medical need; as such, the claim against Defendant DeFazio is DISMISSED WITHOUT PREJUDICE; however, because it is conceivable that Plaintiff may be able to supplement his pleading with facts sufficient to overcome the deficiencies noted herein,

---

[1] Based on Plaintiff's allegations in the SAC, it appears that he might intend to raise a medical malpractice claim, however since the Court is dismissing all federal claims, it declines to exercise supplemental jurisdiction over any state law claims. *See* 28 U.S.C. § 1367(c)(3); *Byrd v. Shannon*, 715 F.3d 117, 128 (3d Cir. 2014) (affirming the district court's decision to decline supplemental jurisdiction over state law claims upon the dismissal of all federal claims).

4

the Court will grant Plaintiff leave to move to re-open this case and to file a third amended complaint;[2] this will be Plaintiff's final opportunity to file an amended complaint; and the Court having considered the matter without oral argument pursuant to Rule 78(b) and Local Civil Rule 7.1(i); and for good cause appearing, the Court will issue an appropriate order.

Dated:

                                                */s/ Peter G. Sheridan*
                                                Peter G. Sheridan, U.S.D.J.

---

[2] Plaintiff should note that when an amended complaint is filed, the original complaint no longer performs any function in the case and "cannot be utilized to cure defects in the amended [complaint], unless the relevant portion is specifically incorporated in the new [complaint]." 6 Wright, Miller & Kane, Federal Practice and Procedure § 1476 (2d ed.1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.*