UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| **RAYMOND WILSON,** : | |
| : | Civil Action No. 12-1543 (PGS) |
| **Plaintiff,** : | |
| : | |
| v. : | REPORT AND RECOMMENDATION |
| : | |
| **CORRECT CARE SOLUTION, et al.,** : | |
| : | |
| **Defendants.** : | |
| : | |

**BONGIOVANNI, Magistrate Judge**

This matter has come before the Court pursuant to Fed. R. Civ. P. 25(a)(1) in regards to whether decedent Plaintiff's beneficiary, Lisa Stewart ("Ms. Stewart"), can be substituted in as *pro se* plaintiff in this case. For the reasons that follow, it is respectfully recommended that Ms. Stewart's request to be substituted in as Plaintiff be DENIED and that the case be DISMISSED WITH PREJUDICE.

**I. Background and Procedural History**

The following are facts pertinent to the recommendation for dismissal. On March 13, 2012, Plaintiff Raymond Wilson initiated this litigation by filing a complaint against Correct Care Solution, Monmouth County Jail, alleging, pursuant to Title 42 U.S.C. 1983, violations of his civil rights. [Docket Entry No. 1].

On December 9, 2016, Defendant Cosmo Defazio ("Defendant") filed a Suggestion of Death as to Plaintiff Raymond Wilson. [Docket Entry No. 77]. On December 20, 2016, the Court

stayed the case and afforded the decedent Plaintiff's successor or representative[1] an opportunity to file for substitution pursuant to Fed. R. Civ. P. 25(a)(1) within 90 days of the December 9, 2016 filing of the statement noting the death of Mr. Wilson. [Docket Entry No. 78].

On January 20, 2017, the Court conducted a telephone conference with Ms. Stewart who had advised that she was the beneficiary of Plaintiff's estate. Ms. Stewart was told that a substitution had to be made within 90 days of the December 9, 2016 filing of the statement noting the death of Plaintiff. Ms. Stewart was further advised that the Court would consider extending the time to file a substitution of a party, provided that (1) it is made prior to the expiration of the 90-day period and (2) good cause is shown. (Id.). Having received a timely request for an extension via e-mail from Ms. Stewart, the Court, on March 3, 2017, extended the date to file a substitution of party to April 28, 2017. [Docket Entry No. 82]. On April 18, 2017, Ms. Stewart filed Preliminary Letters Testamentary issued by Westchester County [New York] Surrogate's Court authorizing Ms. Stewart to act as fiduciary for decedent Plaintiff Wilson. Defendants objected, via informal letter to the Court, to Ms. Stewart proceeding *pro se*.

Defendant submitted a letter via email on April 20, 2017 and stated that Ms. Stewart does not have standing to pursue the case *pro se* as administrator of Mr. Wilson's estate since an estate can only be represented in a court proceeding by legal counsel. (Def.'s 4/20/17 Letter at 1). Defendant cites Estate of Casimir v. New Jersey in which the District Court of New Jersey held that "judicial person cannot proceed in a legal matter pro se." (Id.) (citing Estate of Casimir v. New Jersey, 2009 US Dist LEXIS 78113 (D.N.J. August 31, 2009)). The District Court further noted that an estate is a judicial person and thus "cannot litigate this action without being represented by an attorney". (Id.)

---

[1] In light of Plaintiff's passing, the *pro bono* appointment of his attorney Craig S. Hilliard was subsequently terminated. [Docket Entry No. 81].

Having considered the objections of the Defendant, by Letter Order dated May 2, 2017, Ms. Stewart was advised that she must retain an attorney to proceed in the case, (See Estate of Casimir v. New Jersey, 2009 U.S. Dist. LEXIS 78113 (D.N.J. August 31, 2009)). Ms. Stewart was instructed to update the Court on her efforts in obtaining an attorney by June 1, 2017. [Docket Entry No. 84]. Additionally, the Court noted that It would consider granting Ms. Stewart an extension if she was able to demonstrate that an attorney was interested in taking her case. (Id.) On June 5, 2017, the Court granted Ms. Stewart one final extension, until July 7, 2017, to retain counsel. [Docket Entry No. 85]. The Court advised Ms. Wilson that if she was not able to retain an attorney, this Court would report to the District Judge recommending dismissal of the matter. (Id.).

In a Letter to the Court of July 17, 2017, Defendant again objected to Ms. Stewart being substituted in as *pro se* plaintiff. [Docket Entry No. 86]. Defendant stated that because Ms. Stewart was never married to Mr. Wilson, they objected to her proceeding because she did not have any rights to intestate's estate. (Id.). Additionally, Defendant claimed that case law established that Ms. Stewart was not permitted to represent the estate *pro se*. (Id.). Finally, Defendant made the argument that a previously filed Motion for Partial Summary Judgment was still pending, and due to Mr. Wilson's passing, there was no available testimony or evidence to support the cause of action. (Id.). In sum, Defendant requested that this Court report to the District Judge recommending dismissal of this matter with prejudice. (Id.).

On August 1, 2017 the Court entered an Order in which it stated that "the Court has serious concerns about the appropriateness of Ms. Stewart proceeding *pro se*." It gave Ms. Stewart another "opportunity to show that she should be permitted to pursue the estate of

Raymond Wilson's claims *pro se.*" [Docket Entry No. 87]. The Court noted that in the <u>Estate of Leon Twardy v. Lakes of Larchmont Condo Ass'n</u>, the District Court determined:

> The executor of the Estate, Francis Twardy, is not an attorney and is prosecuting the claims of the Estate. The United States Supreme Court in <u>Rowland v. California Men's Colony</u>, 506 U.S. 194, 201-02 (1993) reinforced the rule that corporations and other artificial entities may appear in federal court only through counsel. Thus, it is highly questionable whether an executor of an estate who is not an attorney may file suit on behalf of an estate. <u>See, e.g.</u>, <u>In re Olick</u>, 571 Fed. Appx. 103, 106 (3d Cir. 2014 (citing <u>Rowland</u>, 506 U.S. at 201-02) (other citation omitted) (finding that a *pro se* trustee may not represent the trust in federal court because he is not an attorney and without counsel the trust may not appear in federal court); <u>c.f.</u> <u>Gray</u>, 352 Fed. Appx. at 656 n.1 (citing <u>Pridgen v. Andresen</u>, 113 F.3d 391, 393 (2d Cir. 1997)) (noting that the appeal also raised a question as to whether Gray, as a non-lawyer, may represent the estate, but not reaching the question because the decision was based on the holding that the estate may not proceed *in form pauperis*); <u>Caputo v. Forceno</u>, No. CIV. A. 15-1911, 2015 WL 2089401, at *2 (E.D. Pa. May 5, 2015) ("Federal courts generally will only permit a non-attorney to proceed *pro se* in her capacity as the administratrix of an estate when she is the sole beneficiary and the estate has no creditors.") (citing <u>Johnson v. Marberry</u>, 549 Fed. Appx. 73, 75 (3d Cir. 2013) (per curiam) (pro se litigant could not prosecute claims on behalf of estate/heirs); <u>Malone v. Nielson</u>, 474 F.3d 934, 937 (7th Cir. 2007) (per curiam) ("[I]f the administrator is not the sole beneficiary of the estate, then he or she may not represent the estate in court."); <u>Jones ex rel. Jones v. Corr. Med. Servs., Inc.</u>, 401 F.3d 950, 952 (8th Cir. 2005) ("[W]hen an estate has beneficiaries or creditors other than the administratrix or executrix, the action cannot be described as the litigant's own, because the personal interests of the estate, other survivors, and possible creditors will be affected by the outcome of the proceedings.")).

Civil No. 15-6501 (NLH/AMD), 2016 WL 2901664, at *1 (D.N.J. May, 18, 2016). Ms. Stewart was instructed to demonstrate to the Court that she is the sole beneficiary of Mr. Wilson's estate and that Mr. Wilson's estate has no creditors. On August 22, 2017, Ms. Stewart submitted to the Court a Decree Granting Probate, Letters Testamentary from the Surrogates Court, and a Stipulation of Settlement stating that the legal surviving spouse of Mr. Wilson, Patricia Wilson

shall be paid one third of any sum recovered by the Estate. [Docket Entry No. 89]. Defendant submitted a letter on September 5, 2017 noting that since Patricia Wilson is entitled to one third of the lawsuit proceeds, Ms. Stewart is not the sole beneficiary of Mr. Wilson's estate and therefore, cannot proceed *pro se*. (Def.'s 9/5/17 Letter at 1, Docket Entry No. 90). Defendant also noted that Ms. Stewart has not provided any evidence as to whether there are creditors owed money by the Estate. (Id. at 2). Ms. Stewart responded to Defendant's letter by email on September 9, 2017 stating that Ms. Wilson in entitled to one third of the lawsuit proceeds because she and Mr. Wilson were never divorced. (Ms. Stewarts 9/9/17 Email).

## II. Analysis

In Estate of Casimir v. New Jersey, the Court held that "a judicial person cannot proceed in a legal matter *pro se*". An estate is deemed to be a judicial person, and therefore "cannot litigate this action without being represented by an attorney duly admitted to practice." Estate of Casimir, 2009 U.S. Dist. LEXIS 78113 at *10. Additionally, in Kasharian v. Wilentz, 93 NJ Super 479 (App. Div. 1967), the Superior Court of New Jersey, Appellate Division, held that "although the action was required to be brought and appealed by an attorney…interests of substantial justice…required that plaintiff be given an opportunity to retain counsel rather than summarily dismissing appeal." Kasharian v.Wilentz, 93 NJ Super 479 (App. Div. 1967). Although that case differs from the instant case in that Ms. Stewart has been given numerous opportunities to retain counsel, the Court's holding regarding a representative of an estate proceeding *pro se* is instructive. The case involved a father who was attempting to pursue a wrongful death action *pro se* as administrator of his son's estate. In the opinion, the Court reasoned:

> Nominal representatives or even active fiduciaries of the persons in beneficial interest, not themselves lawyers, should not be permitted

5

>to conduct legal proceedings in court involving the rights or liabilities of such persons without representation by attorneys duly qualified to practice law.

The Court must first determine if Ms. Stewart can represent Mr. Wilson's estate *pro se*. It must then determine if dismissal of Plaintiff's claims with prejudice is appropriate. For the reasons that follow, the Court finds that Ms. Stewart cannot represent Mr. Wilson's estate *pro se* and that dismissal of Plaintiff's claims with prejudice is appropriate.

Here, Ms. Stewart has been unable to find counsel to represent Plaintiff's estate. Ms. Stewart cannot proceed *pro se* because the Court has determined that a representative of an estate must be represented by counsel. *See* Estate of Casimir, 2009 U.S. Dist. LEXIS 78113, at *3. Since an estate cannot proceed without counsel in a legal matter *pro se*, Ms. Stewart's failure to find an attorney means that she cannot continue to pursue this matter. (Id.) Ms. Stewart was advised by the Court on December 20, 2016 of the need to have an attorney representing the estate of Plaintiff after his death. She has continually updated the Court regarding her struggle to find representation, and has been given extensions accordingly. In a Letter Order from June 5, 2017, the Court granted Ms. Stewart one final extension, and advised her that if she could not retain counsel, this Court would report to the District Judge recommending dismissal of the matter. Ms. Stewart still has not been able to find an attorney to represent the estate of Plaintiff.

Under these circumstances, the Court finds that dismissal of Plaintiff's claims with prejudice is warranted. Ms. Stewart has been unable to retain counsel despite being given numerous extensions, and cannot proceed *pro se*. Additionally, Ms. Stewart has not been able to demonstrate to the Court that she is the sole beneficiary of the estate and that there are no creditors to the estate. As a result, this Court respectfully recommends that this matter be dismissed with prejudice.

**III. Conclusion**

The Court having considered this matter pursuant to L.Civ.R. 78.1(b);

IT IS on this 20th day of September, 2017,

RECOMMENDED that Ms. Stewart's request to be substituted in as Plaintiff be DENIED; and it is

RECOMMENDED that Plaintiff's Complaint be DISMISSED WITH PREJUDICE; and it is

ORDERED that the Clerk of the Court activate this Report and Recommendation; and it is further

ORDERED that the Clerk of the Court send a copy of this Report and Recommendation to Plaintiff at the following address:

>Lisa Stewart
>113 Webster Avenue, #1R
>Yonkers. NY 10701

s/ Tonianne J. Bongiovanni
**HONORABLE TONIANNE J. BONGIOVANNI**
**UNITED STATES MAGISTRATE JUDGE**